CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 10 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAMIRO NIEVEZ,<br>    Plaintiff, | Civil Action No. 7:07-cv-00593 |
| v. | MEMORANDUM OPINION |
| GREENROCK CORRECTIONAL<br>CENTER, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Ramiro Nievez, a Virginia inmate currently incarcerated in the Greenrock Correctional Center, has filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] Upon consideration of the complaint, it is clear that plaintiff did not fully exhaust the inmate grievance procedure. Because plaintiff did not exhaust his administrative remedies before filing this action, I find that his claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedy procedures for purposes of § 1997e(a) means using all steps that the agency holds out, and doing so properly, so that the agency addresses the issues on the

---

[1] Plaintiff, who states that he is confined to a wheelchair, alleges that he fell in the shower on September 19, 2007. His complaint arises from that fall.

merits. See, e.g., Woodford v. Ngo, 548 U.S. ___, slip op. at 6-8 (2006). Section 1997e(a) applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. Id. n.6. A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. In support of the instant complaint, plaintiff has submitted a statement verifying that he has exhausted his administrative remedies by appealing his claims to the highest available level of the administrative remedies procedures; the verified statement also explicitly attests that "[c]opies of the record of the proceedings are attached to this statement." However, the record plaintiff has submitted, while voluminous, consists of little more than a series of Greenrock Correctional Center Request Forms and Emergency Grievance Forms.[2] Plaintiff presents documentation of sixteen

---

[2] In addition to various self-created documents and Medical Department Trip Passes, plaintiff has submitted copies of the following: an Emergency Grievance Form, submitted and responded to on October 31, 2007; a Greenrock Correctional Center Request Form, submitted on November 3, 2007, regarding which plaintiff received a staff response dated November 8, 2007; a Greenrock Correctional Center Request Form, submitted on November 7, 2007, regarding which plaintiff received a staff response dated November 9, 2007; a Greenrock Correctional Center Request Form, submitted on November 3, 2007, regarding which plaintiff received a staff response dated November 7, 2007; a Greenrock Correctional Center Request Form, submitted on October 30, 2007, regarding which plaintiff received a staff response dated November 1, 2007; a Greenrock Correctional Center General Request Form, submitted and responded to on September 27, 2007; a Greenrock Correctional Center Informal Complaint Form, submitted on September 21, 2007, regarding which plaintiff received a staff response dated September 25, 2007; a Greenrock Correctional Center Request Form, submitted on November 5, 2007, regarding which plaintiff received a staff response dated November 7, 2007; a Greenrock Correctional Center Request Form, submitted on October 29, 2007, regarding which plaintiff received a staff response dated November 1, 2007; a Greenrock Correctional Center Request Form, submitted on October 9, 2007, regarding
(continued...)

instances of filing Request Forms, and documentation of once filing an Emergency Grievance and once filing an Informal Complaint, but submits no documentation whatsoever of even one instance of having grieved an issue any further beyond the Request Form, Emergency Grievance, or Informal Complaint stage; nor does plaintiff present any documentation of having appealed any adverse decisions. Because it appears from the face of plaintiff's own pleadings and the content of the documents he has submitted in support of his statement verifying his proper exhaustion of all available administrative remedies that plaintiff has not fully exhausted all available administrative remedies, as required pursuant to 42 U.S.C. § 1997e(a) before filing a federal lawsuit, I will dismiss this complaint. See Anderson, 407 F.3d at 683.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 10th day of January, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge

---

²(...continued) which plaintiff received a staff response dated October 11, 2007; a Greenrock Correctional Center Request Form, submitted on October 4, 2007, regarding which plaintiff received a staff response dated October 10, 2007; a Greenrock Correctional Center General Request Form, submitted on September 26, 2007, regarding which plaintiff received a staff response dated September 27, 2007; a Greenrock Correctional Center General Request Form, submitted on September 22, 2007, regarding which plaintiff received a staff response dated September 25, 2007; a Greenrock Correctional Center General Request Form, submitted on September 22, 2007, regarding which plaintiff received a staff response dated September 24, 2007; another Greenrock Correctional Center General Request Form, submitted on September 22, 2007, regarding which plaintiff received a staff response dated November 8, 2007; a Greenrock Correctional Center Request Form, submitted on August 31, 2007 (predating the date of the injury on September 19, 2007), regarding which plaintiff received staff responses dated September 22, 2007, and October 4, 2007; a Greenrock Correctional Center Request Form, submitted on August 28, 2007 (again predating the date of injury), regarding which plaintiff received a staff response dated August 30, 2007; and a Greenrock Correctional Center General Request Form, submitted on August 4, 2007 (again predating the date of injury), regarding which plaintiff received a staff response dated August 6, 2007.